The opinion of the Court was delivered by
Johnston, Oh.
On the'point, whether the will charges the *108 debts of the testator on the estate owned by him at the date of his will, (which was entirely personal property,) in such manner as to reduce the gift of it to his legatees to a gift of the balance only, after deducting debts, I prefer to retain my opinion. It is not necessary to decide it here; both because I am now satisfied the legacy was general, and not specific; and because the third clause might be considered as a mere alternative to the second, and the words, “ after the payment of my debts,” as a mere reference to the general direction to pay the debts which precedes the second. Besides, I would ■ not, without necessity, enter into an examination of the seeming conflict, upon this point, between the case of Warley vs. Warley (a) and the subsequent case of Brown vs. James.(b)
If the gift of the whole personal estate to a single legatee, were a specific legacy, manifestly the gift of it to several, to be equally divided among them, must constitute them specific legatees as to their different shares. But the real question in the case is, whether the gift of the whole estate, in general terms, is a specific legacy. It is so said in Warley vs. Warley, and in Brown vs. James; and certainly the position is not totally devoid of support. .
But it does not strike me as entirely correct, as an abstract proposition. Unless there be something in the will to confine the general expressions of the gift to property of a particular description, or in a particular condition, the legacy is general and not specific. The distinction between these two sorts of legacies, says Mr. Williams,(c) “ is of the greatest importance.” “ If there be a deficiency of assets, a specific legacy will not be liable to. abate with the general legacies; while, on the other hand, if the specific legacy fail by the ademption or inadequacy of its subject, the legatee will not be entitled to recompense or *109 satisfaction ont of tbe general personal estate.” A legacy is general, be says, “ when it is so given as not to amount to a bequest of a particular thing, or money of tbe testator, distinguished from all others of tbe same kind. A legacy is specific when it is a bequest of a specified part of a testator’s personal estate, which is so distinguished.’’(a)
It is not doubted that the bequest, in general terms, of a testator’s whole personal property at a particular place, may be regarded as a specific legacy, because the description of its position serves to discriminate it from all other property of like character situated elsewhere; or that where a testator disposes of real and personal property, describing it as his estate in another country, he having other estates differently described, this is specific, as in Nesbit vs. Murray,(b) cited by Chancellor DeSaussure in Warley vs. Warley. But where there is in the words of the legacy, and in the context, a total absence of description, it is difficult to attribute to the legacy any specific object.
It is not essential to a specific legacy, that the property bequeathed should actually exist in the testator at the making of the will, as Sir Thomas Plumer intimated, in Parrot vs. Worsfield.(c) A contrary opinion has been frequently held, as for example, in Stephenson vs. Dawson.(d)
Nor is it an invariable test of a specific legacy, that it be liable to ademption; as is held in the case last mentioned.
But after all that can be said,- there is not, and cannot, in the nature of things, be a specific intention, in a general and indefinite bequest of a whole estate, subject to continual changes, to an entire conversion, and including not only chattels, but choses of every description.
And so Mr. "Williams, concurring with Mr. Roper, sums up the doctrine: “ The bequest,” says he, “ of all a man’s per *110 sonal estate generally is not specific; — tbe very terms of snob a disposition demonstrate its generality ;(a) and tbe circumstance of tbe bequest of tbe general 'personal estate, being-in tbe same senteneé witb tbat of tbe real, tbe devise of wbicb is naturally specific, will not be sufficient to make it a specific legacy.”(b)
It is ordered, tbat tbe circuit decree, so far as it adjudges tbe after acquired real estate, referred to in tbe pleadings, primarily liable for tbe debts of tbe testator, be reversed and set aside; and it is adjudged and declared, tbat tbe personal estate upon wbicb tbe will operates, is tbe primary fund for payment of said debts. And it is ordered, tbat tbe case be remanded to tbe Circuit Court.
DuNicik, DaegAN and 'Wakdlaw, CC., concurred.

Decree reversed.

а) 1 Bail. Eq. 397.

б) 3 Strob. Eq. 24; et vide Pinckney vs. Pinckney, 2 Itich. Eq. 219 and Ford vs. Gaither, Id. 270.

 2 Wms. on Ex’ors, book 3, chap. 2, § p. 994.

 2 Wms. on Ex’ors, book 3, chap. 2, g 3, p. 993.

 5 Ves. 149.

 1 Jack. & Walk. 601.

 3 Beavan Rep. 349.

 1 Hop. Leg. 215, 3d edition.

 1 Yes. 138.